UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TIMOTHY ALLEN, | No. C 14-4279 LB |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | [Re: ECF No. 1] |
| DIANE TOMAR, Psychiatrist, | |
| Defendant. | |
| _____/ | |

**INTRODUCTION**

Timothy Allen, an inmate at California State Prison - Sacramento, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. ECF No. 1 at 4. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order directs that the Marshal serve the complaint on the defendant so that he may respond to it.

**STATEMENT**

Mr. Allen alleges in his complaint that, on January 14, 2014, at Pelican Bay State Prison, Dr. Tomar authorized the involuntary medication of Mr. Allen. He further alleges that there was not a medical emergency justifying the use of the drug, and that Dr. Tomar prescribed the medication simply because Mr. Allen would not comply with custody staff's orders. According to Dr. Tomar's note attached to the complaint, the medication administered was Haldol, a psychotropic medication.

*See* ECF No. 1-2 at 6.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"[I]nmates possess 'a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment.'" *United States v. Loughner*, 672 F.3d 731, 745 (9th Cir. 2012) (quoting *Washington v. Harper*, 494 U.S. 210, 221-22 (1990)). "The Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Harper*, 494 U.S. at 227; *cf. Riggins v. Nevada*, 504 U.S. 127, 135 (1992) ("forcing anti-psychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness."); *Loughner*, 672 F.3d at 752 (when government seeks to medicate an inmate on the ground that he is a danger to himself or others, the *Harper* standard applies, regardless of whether he is a pretrial detainee or a prisoner).

Mr. Allen claims that Dr. Tomar's authorization of the involuntary administration of an antipsychotic drug was improper because Mr. Allen's only offense was that he was disobeying custody staff's orders. Giving it the liberal construction to which it is entitled, the *pro se* complaint states a cognizable due process claim against Dr. Tomar for authorizing Mr. Allen to be medicated against his will.

C 14-4279 LB
ORDER                                                    2

**CONCLUSION**

1. The complaint states a cognizable § 1983 claim against Dr. Tomar for a violation of Mr. Allen's Fourteenth Amendment rights.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon Dr. Diane Tomar, a psychiatrist at Pelican Bay State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 12, 2014,** defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. If defendant files a motion for summary judgment, defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time she files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on non-exhaustion of administrative remedies, defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **January 9, 2015**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **January 16, 2015**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn

1 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
2 specific facts in declarations, depositions, answers to interrogatories, or authenticated
documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'
3 declarations and documents and show that there is a genuine issue of material fact for trial.  If
you do not submit your own evidence in opposition, summary judgment, if appropriate, may be
4 entered against you.  If summary judgment is granted, your case will be dismissed and there will
be no trial.

5 *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

6    If a defendant files a motion for summary judgment for failure to exhaust administrative
7 remedies, she is seeking to have the case dismissed.  A plaintiff faced with such a motion can
8 oppose it using the same methods as described above for other summary judgment motions.  As with
9 other defense summary judgment motions, if a motion for summary judgment for failure to exhaust
10 administrative remedies is granted, the case will be dismissed and there will be no trial.

11    5.  All communications by plaintiff with the court must be served on a defendant's counsel by
12 mailing a true copy of the document to the defendant's counsel.  The court may disregard any
13 document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel
14 has been designated, plaintiff may serve a document by mailing a true copy of the document directly
15 to the defendant, but once a defendant is represented by counsel, all documents must be mailed to
16 counsel rather than directly to that defendant.

17    6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further
18 court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the
19 parties may conduct discovery.

20    7.  Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court
21 informed of any change of address and must comply with the court's orders in a timely fashion.
22 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal
23 Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending
24 case every time he is moved to a new facility or is released from custody.

8.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: October 6, 2014



_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California