UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TIMOTHY ALLEN, | No. 14-cv-4279 LB |
| Plaintiff, | **ORDER** |
| v. | [Re: ECF No. 1] |
| DIANE TOMAR, Psychiatrist, | |
| Defendant. | |
| _____/ | |

This case has service of process problems. The court ordered the United States Marshal to attempt service of process on defendant Dr. Diane Tomar at Pelican Bay State Prison. (ECF No. 3 at 3.) The Marshal unsuccessfully attempted to serve Dr. Tomar at a residential address. *(*ECF No. 7 (remarks section).) Court staff made inquiries and learned that Dr. Tomar is not a CDCR employee, and instead is employed by a registry service that sends doctors on temporary assignments, with her current assignment being at Pelican Bay. Pursuant to the court's order, the clerk mailed on February 26, 2015 a "notice of a lawsuit and request to waive service of a summons," and related documents to Dr. Tomar at Pelican Bay's medical department. (ECF Nos. 9 and 10.) No response was received. A representative of the Marshal reported to court staff that the "waiver of the service of summons" form was mailed from someone (possibly the litigation coordinator) at Pelican Bay to the

14-cv-4279 LB
ORDER

Marshal unsigned. The Marshal's representative informed court staff that he brought the document to the court clerks' office; the unserved document did not make it back into the docket, however. Court staff made further inquiries and was informed by the litigation coordinator for the California Correctional Health Services that service documents for Dr. Tomar should be sent to Management Solution, Suite 300, 200 Pine Avenue, Long Beach, CA 90802, Attention: Amy Deak, president. Court staff was informed that the California Correctional Health Care Services' plan is that the documents then will be forwarded by Management Solution to California Locums, the registry service employing Dr. Tomar, and California Locum will cause the documents to be sent to Dr. Tomar. This is an unusually circuitous route to get a document to a defendant who still works at Pelican Bay but, in light of the failure of other efforts to serve process on the defendant, this route will be attempted. Accordingly,

1. The clerk shall mail a "Notice Of A Lawsuit And Request To Waive Service of A Summons" form, two copies of the "Waiver Of The Service Of Summons" form, a copy of the complaint (ECF No. 1), a copy of the order of service, a copy of the form to consent/decline to consent to proceed before a magistrate judge, and a copy of this order to **Dr. Diane Tomar**, addressing the envelope as follows:

> Dr. Diane Tomar (a California Locums contract doctor)
> c/o Management Solution
> Attn: Amy Deak, president
> Suite 300
> 200 Pine Avenue
> Long Beach, CA 90802

The clerk also shall mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires her to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, she will be required to bear the cost of such service unless good cause be shown for her failure to sign and return the waiver form. If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, and defendant will not be required to serve and file an answer before **sixty (60) days** from the date on

which the request for waiver was sent. Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. In light of the service of process problems, the court sets the following new briefing schedule for the summary judgment and other dispositive motions mentioned at page 3 of the order of service: No later than **July 10, 2015**, defendant shall serve a motion for summary judgment or other dispositive motion. No later than **August 7, 2015**, plaintiff must file and serve his opposition to the motion for summary judgment or other dispositive motion. No later than **August 28, 2015**, defendant must file and serve her reply brief, if any.

**IT IS SO ORDERED.**

Dated: May 27, 2015

_____
LAUREL BEELER
United States Magistrate Judge