UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TIMOTHY ALLEN, | No. 14-cv-4279 LB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS IN PART AND SETTING BRIEFING SCHEDULE** |
| v. | |
| DIANE TOMAR, Psychiatrist, | [Re: ECF No. 17] |
| Defendant. | |

## INTRODUCTION

Timothy Allen, formerly an inmate at Pelican Bay State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, alleging that the defendant, Dr. Diane Tomar, was deliberately indifferent to his medical needs. The parties have consented to proceed before a magistrate judge. (ECF No. 1 at 4; ECF No. 11.)[1] Dr. Tomar has moved to dismiss the complaint. Mr. Allen has not opposed the motion. For the reasons discussed below, the court grants the motion to dismiss in limited part and sets a briefing schedule for a motion for summary judgment.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

14-cv-4279 LB
ORDER

**STATEMENT**

Mr. Allen alleged in his complaint that, on January 14, 2014, at Pelican Bay State Prison, Dr. Tomar authorized the involuntary medication of Mr. Allen. He further alleges that there was not a medical emergency justifying the use of the drug, and that Dr. Tomar prescribed the medication simply because Mr. Allen would not comply with custody staff's orders. According to Dr. Tomar's note attached to the complaint, the medication administered was Haldol, a psychotropic medication. (*See* ECF No. 1-2 at 6.)

The court liberally construed the complaint and determined that it stated a cognizable due process claim against Dr. Tomar for authorizing Mr. Allen to be medicated against his will. (ECF No. 3 at 2.)

**ANALYSIS**

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against the defendant and the grounds for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

## II. ONLY THE COMPLAINT'S INJUNCTIVE RELIEF AND OFFICIAL CAPACITY CLAIMS MUST BE DISMISSED

Dr. Tomar makes four arguments for dismissal. First, she contends that she has Eleventh Amendment immunity from any official-capacity claims. Claims for damages against a state actor sued in her official capacity are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment bar on damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity). The Eleventh Amendment does not bar suits that seek to impose individual liability upon a government official for actions taken under color of state law. *Hafer v. Melo*, 502 U.S. 25, 31 (1991). Although Dr. Tomar is correct that the Eleventh Amendment would bar a claim for damages against her in her official capacity, the argument was unnecessary because there is no allegation in the complaint that she is being sued in her official capacity. Mr. Allen cannot recover damages against Dr. Tomar in her official capacity, but is not barred from recovering damages against Dr. Tomar in her individual capacity.

Second, Dr. Tomar challenges the injunctive relief portion of the prayer for damages in the complaint. The prayer for relief in the complaint requested damages, that Dr. Tomar be "counseled and reprimanded" and "that the practice of mental health staff giving inmate involuntary medication for 'custody compliance' be stopped." (ECF No. 1 at 3.) Dr. Tomar argues that the complaint fails to allege that she "possesses the authority to appropriately respond to injunctive relief respecting California policy on involuntary administration of psychiatric medications" or to "counsel or reprimand herself." (ECF No. 17 at 5-6.) Dr. Tomar cites *Hartmann v. California Dept. of Corr. and Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013), in which the Ninth Circuit explained that, in an official-capacity suit, a "plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation," but "need only identify the law or policy challenged as a constitutional violation and

name the official within the entity who can appropriately respond to injunctive relief."

Mr. Allen's transfer from Pelican Bay has made moot his request for an injunction halting the practice of medicating inmates for custody compliance reasons. When an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive relief should be dismissed as moot. *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995); *see also Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (same for claims for declaratory relief). Here, the complaint does not allege that a *statewide* policy, rule or practice authorizes involuntary medication of inmates for "custody compliance" issues; nor does it allege an ongoing practice; nor does it ask for a statewide injunction. Mr. Allen is no longer at Pelican Bay, where Dr. Tomar made the medication decision complained of in the complaint. In light of Mr. Allen's transfer to a different prison at which decisions regarding whether to medicate him will be made by different doctors based on different circumstances, the request for an injunction stopping the practice of mental health staff giving the inmate involuntary medication for "custody compliance" issues is dismissed as moot.

Mr. Allen is not entitled to relief on his request that Dr. Tomar to be counseled and reprimanded, regardless of whether he prevails on the due process claim. The court does not have the power in this civil rights action to take employment action against Dr. Tomar, such as counseling and reprimanding her. *See generally* 18 U.S.C. § 3626(a)(1) ("prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs").

Third, Dr. Tomar argues that the complaint fails to state a claim for a due process violation because the attachments to the complaint establish "that Allen was not given Haldol because he was non-complaint [sic] but because he posed an immediate danger to himself or others, i.e., an emergency." (ECF No. 17 at 6.) The documents attached to the complaint consist of Mr. Allen's inmate appeal and prison officials' responses thereto, as well as a document that appears to be Dr. Tomar's progress notes regarding her treatment of Mr. Allen. Dr. Tomar essentially argues that whatever was stated by her in her medical notes should be treated as fact, and, when so considered,

those statements show that Mr. Allen's claim has no merit.

Although the court can consider attachments to a complaint in deciding a Rule 12(b)(6) motion, it should not do so with blind acceptance, particularly with a *pro se* plaintiff. The limits on using exhibits were explained in another case where defendants tried to use Federal Rule of Civil Procedure 10(c), which provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," to impute to a plaintiff an entire report written by a defendant simply because the plaintiff's complaint referred to the report.

> [T]he defendants assume that Rule 10(c) requires a plaintiff to adopt as true the full contents of any document attached to a complaint or adopted by reference. This is not a proper reading of the rule. Courts have found that "[i]f the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate," *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974) (prospectus attached to complaint alleging bond purchase based on material misrepresentations). An appended document will be read to evidence what it incontestably shows once one assumes that it is what the complaint says it is (or, in the absence of a descriptive allegation, that it is what it appears to be). For example, a written contract appended to the complaint will defeat invocation of the Statute of Frauds, and a document that discloses what the complaint alleges it concealed will defeat the allegation of concealment. By the same token, however, a libel plaintiff may attach the writing alleged in the complaint to be libelous without risk that the court will deem true all libels in it. Similarly, a receipt for goods, alleged in the pleading to have been forged, may or may not evidence forgery on its face, but it does not concede delivery of goods for pleading purposes.

*Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995). "Rather than accepting every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint as true, it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 455 (7th Cir. 1998) (declining to apply blanket rule that document attached is adopted *in toto* "in the case of letters written by the opposition for what could be self-serving purposes"); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008) (attachment of an officer's statement to a complaint may be treated as an allegation that the officer made the statements, but the court does not accept as true that the "statement is accurate or true; this is a question of credibility and weight of the evidence that is not before a court considering a motion to dismiss").

Here, Dr. Tomar suggests that plaintiff's attachment of a portion of his medical records is tantamount to him adopting every statement therein. Nothing in the complaint manifests any intent by Mr. Allen to adopt Dr. Tomar's statements as reflective of his position. And the medical records are not a necessary part of Mr. Allen's claim: he could sue with or without them. The defendant's

statements are no more attributable to the plaintiff than a plaintiff's statements in the medical records or administrative appeals would be attributable to a doctor or other prison official who submits them as exhibits. The rule that allows the court to look beyond the complaint does not require the court to attribute to a plaintiff everything in a document written by a third party or a defendant. But that is what Dr. Tomar appears to be trying to do.

Not only does the rule of adoption of the entire document generally not make sense where the plaintiff has not expressly adopted the entirety of a document written by defendants, it would be particularly unwise to apply it in a *pro se* prisoner action. Such a use of the rule would be inconsistent with the Ninth Circuit's repeated and clear command that *pro se* pleadings be liberally construed. Such a use of the rule would result in an extremely confused pleading; for example, here, the court would have statements that suggested both deliberate indifference (i.e., the allegation that there was no medical reason for the medication) and statements that suggested lack of deliberate indifference (i.e., the doctor's notes stating that the medication decision was done for inmate and staff safety). The court would be required to liberally construe the *pro se* pleading, which would be rather difficult with the conflicting information. And such a use of the rule would discourage *pro se* litigants from attaching anything or referring to any documents in their complaints. The attachment of documents to *pro se* prisoner complaints often aids in the understanding of the claim because the documents sometimes can put allegations in context. The court is not eager to impose a technical pleading requirement that would discourage the sometimes helpful practice of attaching inmate appeals and prison paperwork to *pro se* prisoner complaints.

Even if the court could use the medical notes as Dr. Tomar suggests to find that the complaint failed to state a claim, the victory would be short-lived for Dr. Tomar. The court would have to grant leave to amend, and Mr. Allen could file an amended complaint that omitted the exhibits but was otherwise identical to his complaint. The amended complaint then would state a claim. The inconsistency that would then exist between the complaint and amended complaint would not be a basis for dismissing the amended complaint. *See Shirley v. University of Idaho*, No. 14-36108, slip op. at 4 (9th Cir. Sep. 10, 2015) (Kozinski, J., concurring) ("Inconsistency–even direct contradiction–between a current complaint and an earlier one is not a basis for dismissal").

Fourth, Dr. Tomar argues that, "[o]n the basis of the attachments to Plaintiff's complaint," she is entitled to qualified immunity. (ECF No. 17 at 9.) This argument follows the same reasoning as her third argument, and fails for the same reason, i.e., the plaintiff did not adopt as true the statements she made in the progress notes.

## CONCLUSION

Dr. Tomar's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. (ECF No. 17.) The injunctive relief requests and any official capacity claims are dismissed; the motion to dismiss for failure to state a claim is otherwise rejected.

In order to move this action toward resolution, the court now sets the following briefing schedule for motions for summary judgment. No later than **October 30, 2015**, Dr. Tomar must file and serve a motion for summary judgment or file and serve a notice that she does not intend to file a motion for summary judgment. No later than **November 27, 2015**, Mr. Allen must file and serve his opposition to the motion for summary judgment. No later than **December 11, 2015**, Dr. Tomar must file and serve her reply brief, if any.

Dr. Tomar is reminded that she must provide a new *Rand* notice regarding summary judgment procedures at the time she files a motion for summary judgment. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, she must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). Mr. Allen is cautioned to carefully read the notices in the order of service, as well as the notice that Dr. Tomar will send him with her motion for summary judgment, regarding the procedures for and effects of summary judgment.

**IT IS SO ORDERED.**

Dated: September 18, 2015

LAUREL BEELER
United States Magistrate Judge